UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

TONG LI, an individual, and SUPERNOVA
INTERNATIONAL, a Michigan company,

    Plaintiffs,

v.

LAGUNA TOOLS, INC., a California
corporation,

    Defendant.

Case No. 3:21-cv-00949

## COMPLAINT

Plaintiffs Tong Li ("Li") and SuperNova International, Inc. ("SuperNova"), collectively (the "Plaintiffs"), by and through their undersigned counsel, and for their Complaint for patent infringement against Laguna Tools, Inc. ("Defendant") hereby allege as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Tong Li is an individual, a citizen of the United States and resident of Haslett, Michigan.

2. Plaintiff SuperNova is a Michigan corporation having its principal place of business at 1709 Thompson St, Lansing, Michigan.

3. Defendant Laguna Tools, Inc. is a California corporation having a regular and established place of business at 744 Refuge Way, Suite 200, Grand Prairie, Texas 75050 within this Judicial District.

4. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et. seq., including 35 U.S.C. § 271. Subject matter jurisdiction in this Court is based on 28 U.S.C. §§ 1331 and 1338 (a). This Court has personal jurisdiction over

Defendant Laguna Tools, Inc. because Defendant has purposely and knowingly committed acts of patent infringement within this Judicial District and is doing and has done substantial business in this Judicial District, including business relating to the sale, distribution, use, installation, and repair of the Accused Products as hereinafter defined. Defendant has continuous and systematic business contacts with the State of Texas and, directly or through subsidiaries and intermediaries such as retailers, conduct business in Texas by shipping, distributing, offering for sale, selling, advertising, using, installing, and repairing the Accused Products in the State of Texas, including this Judicial District. Defendant, directly or through subsidiaries and intermediaries such as retailers, have purposefully and voluntarily placed the Accused Products into the stream of commerce with the intention and expectation that they will be purchased and used by consumers, including in this Judicial District. Therefore, the exercise of jurisdiction over Defendant is appropriate under the applicable jurisdictional statutes and would not offend traditional notions of fair play and substantial justice.

5. Venue is proper in this District under 28 U.S.C. §1400(b) as Defendant Laguna Tools, Inc. has committed acts of infringement in this district through the importation, sale and offer for sale of infringing goods, and has a regular and established place of business at 744 Refuge Way, Grand Prairie, within this District.

**ALLEGATIONS FOR PATENT INFRINGEMENT**

6. Plaintiff Tong Li is the inventor and owner of United States Patent No. 8,309,881, issued November 13, 2012 on a laser engraver. The patent is valid and subsisting.

7. Plaintiff SuperNova International, Inc. holds the exclusive license under the '881 patent to manufacture, have manufactured, import, sell and offer for sale laser engravers incorporating the inventions protected by the '881 patent. See Exhibit A.

8. Plaintiff SuperNova International, has for many years manufactured, had manufactured, sold and offered for sale laser engraver products incorporating the inventions protected by the '881 patent and has realized substantial revenues from such commercial activity. Plaintiff SuperNova

9. Plaintiff SuperNova International, has, during the time it has sold and offered for sale laser engraving products incorporating the inventions of the '881 patent has plainly and effectively marked said products with the number of United States Patent No. 8,309,881 thereby giving the public constructive notice of the existence of said patent and its relationship to the laser engraving product on which the notice label has been placed.

10. Defendant Laguna Tools, Inc., has, on information and belief, imported into the United States, sold and/or offered for sale laser engraving products, including those bearing the model number PL12/20, ("Accused Products") in direct competition with laser engraving products sold and offer for sale by Plaintiff SuperNova International, and protected by the aforesaid '881 patent.  The Accused Products infringe at least claims 1, 3, 4, 5, 7, 8, 38, 40 and 45 of the '881 patent either literally or by equivalents.

11. Defendant has induced and continues to induce infringement of one or more claims of the '881 patent under 35 U.S.C. § 271(b). On information and belief, Defendants actively, knowingly, and intentionally induce, and will continue to actively, knowingly, and intentionally induce, infringement of the '881 patent by selling or otherwise supplying the Accused Products with the knowledge and intent that third parties will use the Accused Products to infringe the '881 patent, and with the knowledge and intent to encourage and facilitate third-party infringement through the importation and/or dissemination of the Accused Products and the creation or

dissemination, through their websites and other sources, of promotional materials, instructions, product manuals, and/or technical information related to the Accused Products.

12. On information and belief, Defendant has contributorily infringed, and continues to contributorily infringe, one or more claims of the '881 patent under 35 U.S.C. § 271(c). On information and belief, Defendant has sold or offered to sell within the United States or imported into the United States the Accused Products, and Defendant continues to offer to sell or sell within the United States or import into the United States the Accused Products with the knowledge that the Accused Products are especially made or especially adapted for use in an infringement of the '881 patent. On information and belief, the Accused Products are not a staple article or commodity of commerce suitable for substantial noninfringing use.

13. On or about March 31, 2021 Plaintiffs, through counsel, gave notice to Defendant Laguna Tools, Inc., that its laser engraver Model PL 12/20 infringed the '881 patent and demanded that the infringing product be removed from the market and that Defendant Laguna Tools, Inc., account for all sales made to date. See Exhibit B.

14. Defendant Laguna Tools, Inc., through counsel, has informed counsel for Plaintiffs that it will not cease and desist from the sale and offer for sale of the accused PL 12/20 laser engraver. Accordingly it is Plaintiffs' belief that Defendant Laguna Tools, Inc. will continue to infringe the '881 patent and damage Plaintiffs through the continued importation, offer for sale and sale of the model PL12/20 laser engraver.

15. Defendant Laguna Tools, Inc., has directly, indirectly, contributorily and/or by inducement infringed and will continue to infringe the '881 patent by importing, assembling, selling and offer for sale the Accused Products.

16. Defendant Laguna Tools, Inc's acts of infringement as aforesaid have damaged and will continue to damage Plaintiffs at least in part through loss of sales revenues in an amount which can only be determined through an accounting.

17. On information and belief Defendant Laguna Tools, Inc., acts of infringement are and have been willful and deliberate entitling Plaintiffs to not only a reasonable royalty, an established royalty, and/or lost profits but also to increased damages under 35 U.S.C. §284 and to attorney fees and costs under 35 U.S.C. §285.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray that this Court enter judgement and provide the following relief:

1. That Defendant has infringed the '881 patent in violation of 35 U.S.C. §271.

2. That Defendant has induced, and is inducing, infringement of the '881 patent;

3. That Defendant has contributed to, and is contributing to, infringement of the '881 patent;

4. That Defendant has willfully infringed, and is willfully infringing, the '881 patent;

5. That the '881 patent is valid and enforceable;

6. An Order preliminary and permanently enjoining Defendant, its officers, directors, agents, servants, employees, affiliates, attorneys and all others acting in privity or in concert with it from further act of infringement of the '881 patent including but not limited to the importation, sale and offer for sale of the Accused Products and any other products determined through discovery to infringe the '881 patent.

7. An accounting for damages sustained as a result of the acts of infringement as alleged herein, including lost profits, increased or enhanced damages, costs and prejudgment and

postjudgment interest at the maximum rate permitted by law, and all other damages permitted by 35 U.S.C. § 284, and an award of all such damages

8. That this action be adjudged an exceptional case and Plaintiffs be awarded their attorneys' fees, expenses, and costs in this action pursuant to 35 U.S.C. § 285; and

9. Such other and further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues so triable in this case.

Dated: April 27, 2021                           Respectfully submitted,

  /s/ John Demarco
John Demarco (TX Bar No. 24062336)
Young Basile Hanlon & MacFarlane, P.C.
700 Milam St., Ste. 1300
Houston, TX 77002
(832) 871-5058 / (248) 649-3338 Fax
demarco@youngbasile.com

Thomas N. Young (MI Bar No. P22656)
(*Pro Hac Vice Application To Be Filed*)
Young Basile Hanlon & MacFarlane, P.C.
3001 W. Big Beaver Rd., Ste. 624
Troy, MI 48084
(248) 649-3333 / (248) 649-3338 Fax
young@youngbasile.com

*Attorneys for Plaintiffs*